IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JESSICA GUINN et al.**                                                                                        **PLAINTIFFS**

v.                              Case No. 4:13-cv-00559-KGB

**JOEL FRENCH and GARY
FRENCH, each individually and
d/b/a DJ TRUCKING**                                                                                      **DEFENDANTS**

## ORDER

Before the Court is plaintiffs' unopposed motion to dismiss with prejudice (Dkt. No. 19) and unopposed motion for approval of settlement (Dkt. No. 21). Plaintiffs brought this action asserting claims under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and Arkansas state law. The parties have negotiated settlement agreements.

A settlement agreement resolving FLSA claims typically is subject to court approval. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *2 (N.D. Ohio Mar. 8, 2010) (citing 19 U.S.C. § 216(b)). Before approving a settlement, a court ensures that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* at *6; *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. Other district courts have scrutinized such settlements for fairness in two steps.

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if

the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

The Court has reviewed the terms of the parties' agreements. The settlement agreements set forth the specific amounts to be paid to individual plaintiffs and the total amount to be paid for attorney's fees and costs. Further, the parties' unopposed motion for approval of settlement states that "[t]he parties believe the proposed settlement is fair and reasonable" and explains how the amounts to be paid to each plaintiff were calculated (Dkt. No. 21, at 2). For these reasons, and based upon the Court's review of other information in the pleadings filed and language in the settlement agreements, the Court determines that plaintiffs' recovery is a reasonable approximation of amounts owed under the FLSA. The Court approves the settlement agreements. It is therefore ordered that this case be dismissed with prejudice in all respects.

IT IS SO ORDERED this 5th day of November, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE